IN THE MIAMI COUNTY COURT OF COMMON PLEAS
MIAMI COUNTY, OHIO

FILED
MIAMI COUNTY
COURT
09 MAR 31 PM 3:13

JAN A. MOTTINGER
CLERK OF COURTS

| | | |
|---|---|---|
| Brenda Mattevi<br>101 W. Monument Street<br>Pleasant Hill, OH 45359, | : | Case No. **09-315** |
| Plaintiff, | : | |
| v. | : | |
| NCO Financial Systems, Inc.<br>c/o Statutory Agent<br>CT Corporation System<br>1300 E. 9th Street<br>Cleveland, OH 44114 | : | JUDGE JEFFREY M. WELBAUM, JUDGE |
| and, | : | |
| John Does 1-2<br>Name Unknown<br>Address Unknown, | : | |
| Defendants. | : | |

---

## VERIFIED COMPLAINT (Unlawful Debt Collection Practices)

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt

collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.*

## II. FACTUAL ALLEGATIONS

2. Plaintiff, Brenda Mattevi, is a natural person residing at 101 W. Monument Street in the Village of Pleasant Hill, County of Miami, and State of Ohio.

3. Upon information and belief, Defendant is NCO Financial Systems, Inc. a Pennsylvania debt services company operating from an address at 507 Prudential Road, Horsham, Pennsylvania 19044 and doing business collecting debts in the State of Ohio.

4. All named defendants and John Does 1 through 2 inclusive are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

7. Plaintiff, Brenda Mattevi, is a 43-year-old single mother who became over extended due to unexpected personal and family issues.

8. Because of the financial difficulty thus visited upon her, Plaintiff could not make payments on her Capital One debt with an alleged outstanding balance of approximately $12,000.00, which Plaintiff used for the personal, family, and household services of the Plaintiff (the alleged Debt).

9. At some time prior to August 8, 2005, the alleged Debt was consigned, placed, sold, or otherwise transferred to Defendants for collection from Plaintiff Brenda Mattevi.

10. On or about August 8, 2005; September 12, 2005; September 14, 2005; October 11, 2005; October 26, 2005; October 31, 2005; July 31, 2008; and August 13, 2008, Plaintiff's attorney, or his agents, informed Defendants in writing that Plaintiff was in fact represented by counsel, and that all communication must go through the undersigned law firm.

11. On or about October 11, 2005; October 31, 2005; and August 13, 2008, Defendant was made aware of such representation through telephone conversations with Plaintiff's attorney, or his agents.

12. The Defendants had knowledge of the aforementioned representation, and in fact, Defendants spoke with agents of the law firm on several occasions regarding the Capital One balance (the Debt alleged in this Complaint). These conversations included, but are not limited to, Defendants confirming that Luftman, Heck & Associates, LLP represented Plaintiff, and setting up a payment arrangement on the alleged debt.

13. Defendants contacted Plaintiff via telephone including, but not limited to, on or about July 31, 2008; August 5, 2008; and August 11, 2008.

14. Plaintiff told Defendants the alleged debt was being handled by a law firm and Defendants indicated they would not work with anyone else concerning the alleged debt.

15. Defendants indicated if Plaintiff was unable to pay $5,038.13 that same day, she was going to be sued for $12,595.33.

16. Plaintiff told Defendants she could not get the money together that quickly and Defendants told Plaintiff they would give her until August 8, 2008 to get the money.

17. Defendants told Plaintiff they needed her checking account information in order to keep the settlement offer open until the end of August of 2008. Plaintiff reluctantly provided

*Mattevi v. NCO Financial, et al.*
Complaint

3

such information and was promised Defendants would not try to cash the check without her permission.

18. In an undated letter, Defendants stated the postdated check Plaintiff authorized Defendant to deposit would be deposited on August 8, 2008.

19. Plaintiff called Defendants to tell them she could not get the demanded money together but that she had money available in an account with her attorney.

20. Defendant told Plaintiff to transfer that money to Defendants and that she had until the end of August to come up with the rest.

21. Plaintiff told Defendants she was a nervous wreck and felt sick to her stomach.

22. After not returning the telephone call, Defendants contacted Plaintiff regarding a check fraud lawsuit that would be filed against her and Plaintiff has received additional phone calls since that time.

23. Defendants communicated with Plaintiff even though Defendants had previously been directed to communicate only with Plaintiff's attorney or his agents on this matter.

24. Defendants communicated with Plaintiff even though it had previously received a letter from Plaintiff indicating that it should cease and desist all communications with Plaintiff.

25. Defendant's agents were acting with the knowledge, consent and at the direction of the Defendant, NCO Financial Systems, Inc.

26. Defendant NCO Financial Systems, Inc is thereby responsible for the actions of their agents under the doctrine of *respondeat superior*.

27. Plaintiff felt nauseous, sick, tense, afraid, worried, unhappy, had trouble sleeping, experienced nightmares, unstable, unable to concentrate, irritable, experienced shortness of

breath, and humiliated from the severe stress caused by Defendants' actions and was terrified of a lawsuit or criminal investigation.

### III. FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

28. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

29. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

(b) Defendants violated 15 U.S.C. § 1692c(a)(2) by directly contacting Plaintiff after receiving written notification of law firm's representation with respect to such debt.

(c) Defendants violated 15 U.S.C. 1692c by continuing to communicate with the debtor after receipt of notice to cease communications.

(d) Defendants violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading means in connection with the collection of a debt.

(e) Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt.

(f) Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants.

(g) Defendants violated 15 U.S.C. § 1692e(4) by threatening to take legal action not intended to be taken.

(h) Defendants violated 15 U.S.C. § 1692e(7) with the false representation that the debtor committed a crime.

(i) Defendants violated 15 U.S.C. § 1692e(10) by the various misrepresentations set forth above.

30. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, as well as Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k in an amount in excess of $15,000.00, of which the exact amount will be proven at trial.

## IV. SECOND CLAIM FOR RELIEF

### (Invasion of Privacy by Intrusion Upon Seclusion)

31. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

32. That Defendant, NCO Financial Systems, Inc. and John Does 1-2, invaded Plaintiff's privacy in the following respects:

(a) Defendants intentionally interfered physically and otherwise with the private concerns and affairs of Plaintiff by calling her repeatedly, especially after receiving notification to cease and desist communication.

(b) That Plaintiff had a reasonable expectation of privacy at her residence and place of employment.

(c) That this intrusion occurred in a way that is highly offensive to a reasonable person in the position of Plaintiff.

33. That by reason of the invasion of privacy by intrusion upon seclusion, Plaintiff has been damaged in an amount to be proven at trial.

34. The conduct of Defendants has been sufficiently outrageous as to entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

- a. Declaratory judgment that Defendants' conduct violated the FDCPA;
- b. Actual damages;
- c. Statutory damages pursuant to 15 U.S.C. § 1692k;
- d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;
- e. Punitive damages;
- f. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**LUFTMAN, HECK & ASSOCIATES, LLP**

Scott C. Florin (0080255)
580 East Rich Street
Columbus, Ohio 43215
Phone: (614) 224-1500
Fax: (614) 224-2894
sflorin@lawlh.com
Attorney for Plaintiff

*Mattevi v. NCO Financial, et al.*
Complaint

7

## VERIFICATION OF COMPLAINT

State of __OHIO__

County of __MIAMI__, to wit:

__Brenda L. Mattevi__, the Complainant named in the foregoing Complaint being duly sworn, says that the facts and allegations contained therein are true, except so far as they are therein stated to be on information, and that, so far as they are therein stated to be on information, she/he believes them to be true.

_____
Complainant (signature)

Taken, sworn to and subscribed before me this __27__ day of __March__, 2008

_____
Notary Public

*Mattevi v. NCO Financial, et al.*
Complaint

8